**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Joseph Dixon,

Plaintiff,

v.

Xcel Energy, Inc., and Northern States Power Company d/b/a Xcel Energy,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-1986 ADM/AJB

---

Joseph Dixon, *pro se*.

Bruce A. Colt, Esq., Xcel Energy Inc, Minneapolis, MN, appeared for and on behalf of Defendant.

---

## I. INTRODUCTION

On May 24, 2002, the Motion for Summary Judgment [Doc. No. 16] of Defendant Xcel Energy, Inc., ("Xcel"), and Plaintiff Joseph Dixon's ("Plaintiff") Appeal [Doc. No. 22] of Magistrate Judge John M. Mason's April 22, 2002, Order [Doc. No. 20], were argued before the undersigned United States District Judge. Plaintiff sued Xcel for $100 million dollars alleging criminal conspiracy, violation of RICO, discrimination, violation of the Cold Weather Rule, Human Rights violations, and fraud, inter alia, in relation to his electricity being disconnected for failure to pay and for damage to his electrical box creating a hazardous condition. For the reasons set forth below, the Summary Judgment Motion is granted, and Plaintiff's Appeal is denied.

AUG 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. BACKGROUND

Plaintiff owns a duplex located at 1710 Fremont Avenue, Minneapolis, MN, and lives in Unit 1 of the duplex. On May 15, 2000, the electrical service of the tenant in Unit 2, Lorraine Harris, was disconnected by Xcel for failure to pay her electric bills of $3,548.97. Colt Aff. Ex. A. On May 31, 2000, Xcel discovered that the fuse box for the second floor of Plaintiff's duplex was damaged and in a hazardous condition. Id. Ex. B. Power was disconnected from the duplex due to the hazardous electrical condition in accordance with Public Utility Commission Rule 7820.1100. Id. Ex. C. Plaintiff's electrical service was also disconnected on June 5, 2000, for nonpayment of his overdue electrical bill of $319.98. Id. Ex. D. Throughout June, 2000, Plaintiff was told telephonically multiple times by Xcel agents that his bills for the duplex must be paid, and the hazardous electrical condition fixed, before service to the building could be restored. Colt Aff. Ex. E. The fuse box was not fixed and the bills not paid until August 28, 2000, after which power was restored to the duplex by Xcel. Id. Ex. F.

On August 1, 2001, power to Unit 2 of Plaintiff's duplex, then occupied by Cathy L. Caldwell, was disconnected for failure to pay the electric bill of $1,163.50. Id. Ex. G. On September 27, 2001, Plaintiff was also disconnected for nonpayment of his electric bill of $263.92. Id. Ex. H. On October 19, 2001, Xcel again discovered that the electrical meter box was damaged and its cover missing, creating a hazardous condition at the duplex. Colt Aff. Ex. I. Thus, in accordance with Public Utility Commission Rule 7820.1100, Xcel cut the power to the duplex at the pole because of the hazardous condition. Id. Throughout October, 2001, Plaintiff was notified by phone by multiple Xcel agents that the electrical boxes needed to be repaired and inspected by the city, and his overdue bills paid in full, before service could be

reconnected. Id. Ex. J. After the box was fixed and the bills paid, service was again restored by Xcel. Id.

## III. DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). Further, "the mere existence of some alleged factual dispute between the parties is not sufficient by itself to deny summary judgment . . . . Instead, 'the dispute must be outcome determinative under prevailing law.'" Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992) (citation omitted).

### B. Defendant's Motion

Plaintiff's claims are frivolous and unsupported by any evidence. Plaintiff's hand-written Complaint is merely a compilation of 116 paragraphs citing cases detailing the history of school desegregation and race discrimination law in the United States, and alleging a panoply of

accusations against Xcel, including, inter alia, unfair trade practices, breach of covenant of good faith, civil rights discrimination, violation of the Americans with Disabilities Act, "fabrication and deception," hate crimes, denial of Due Process, conspiracy, perjury, forgery, unfair trade practices, and racketeering. Complaint at 1-31 [Doc. No. 1]; Pl. Mem. Ex. A [Doc. No. 23] (printed Complaint attached). Plaintiff's Complaint cites irrelevant case law and historical commentary on the chronology of American race relations, referencing Lochner v. New York, 198 U.S. 45 (1905), "Yellow-dog" contracts, the "Steel Seizure" cases, Brown v. Board of Education of Topeka, 348 U.S. 886 (1954), the "Second Scottsboro" case, "Blue Ribbon Juries," and Anthony Lewis' "Gideon's Trumpet." Pl. Mem. Ex. A at 7, 9-10, 13, 16-17. Plaintiff's responses to Xcel's first set of interrogatories are equally unsupportive of his claims, relying on references to the Cosmological Argument of Thomas Aquinas, "Badges of Slavery," the Universal Declaration of Human Rights, the O.J. Simpson case, the U.S. Government's credit relations with Russia, France, India and Iraq, the doctrine of "Res Ipsa Poquitur" [sic], and Hitler's concentration camps to show that he was discriminated against because of his race. Colt Aff. Ex. K at 20, 22, 25, 27, 31. Plaintiff then misstates the law by asserting that "[i]t is the burden of Proof upon Defendant to prove that these truth [sic], facts, reliable [sic] and accuracy of Plaintiff's complaint and exhibits did not occurred [sic]," and he reports that he made repeated calls to "the [Governor's] Office, [the] Attorney General, "Legislator Congressman, Alderman, the FBI of Minneapolis, and numerous other sources, Washington D.C." to have his electricity restored because he was living "with no heat in the cold August month." Id. at 23, 31-32. Plaintiff has simply provided no documents and asserted no factual allegations supported by any facts in the record to substantiate his claims or allegations. Summary judgment is granted.

**C. Plaintiff's Appeal**

In ruling on an appeal from a non-dispositive matter decided by a magistrate judge, a district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72 .1(b)(2). This standard of review is extremely deferential. See Reko v. Creative Promotions, Inc., 70 F.Supp.2d 1005, 1007 (D. Minn. 1999); Banbury v. Omnitron Int'l, Inc., 818 F.Supp. 276, 279 (D. Minn. 1993). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

Plaintiff appeals Judge Mason's cancellation of a May 6, 2002, hearing on Plaintiff's Motion to Compel Discovery.[1] Plaintiff identifies no section of Judge Mason's Order to which he objects, and offers no argument as to why the Order is in any way "clearly erroneous or contrary to law." Plaintiff's appeal is denied and Judge Mason's Order is adopted.

[1] In a June 19, 2002, Notice of Reassignment of Magistrate Judge [Doc. No. 25], this matter was assigned to Magistrate Judge Arthur J. Boylan after the death of Judge Mason.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Appeal [Doc. No. 22] is **DENIED**,

2. Magistrate Judge John M. Mason's April 22, 2002, Order [Doc. No. 20] is **ADOPTED** in its entirety, and

3. Xcel's Motion for Summary Judgment [Doc. No. 16] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: August 5, 2002

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.