**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

JOSEPH DIXON,

Civil No. 01-1986 (ADM/AJB)

Plaintiff-appellant,

v.

XCEL ENERGY, INC., and
NORTHERN STATES POWER
d/b/a Xcel Energy,

Defendants-appellees.

---

Plaintiff Joseph Dixon filed a Notice of Appeal in this matter on August 21, 2002. (Docket No. 29.) He did not pay the $105 filing fee for his appeal, but instead filed an application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 28.) For the reasons discussed below, Plaintiff's IFP application will be DENIED.

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1).

Even if a litigant is found to be financially eligible for IFP status, an IFP application will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and

SEP 19 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, it is not necessary to decide whether Plaintiff is financially eligible for IFP status, because the Court has already determined that his claims are frivolous. Plaintiff has presented no factual allegations or legal theories that could support any cognizable claim against the named Defendants. His submissions in this matter consist of nothing more than a disjointed collection of extraneous legal principles and case citations. The Court has therefore concluded that "Plaintiff's claims are frivolous and unsupported by any evidence." (See Order dated August 5, 2002, [Docket No. 26], p. 3.)

Based on the Court's prior determination that Plaintiff's claims are frivolous, the Court now finds that Plaintiff's attempt to pursue those claims on appeal is also frivolous. Thus, the Court certifies that Plaintiff's appeal is not taken in good faith. Plaintiff's application seeking leave to proceed IFP on appeal will therefore be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 28), is DENIED.

Dated: September 19, 2002

ANN D. MONTGOMERY
United States District Court Judge